# SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER   <u>SUCV2022000110</u>

Harris, Shagavya N.

**PLAINTIFF**

**VS.**

Seymour, Blake S
Cochener Garvey Capital Partners, Inc.
Dunbarton Corporation

**DEFENDANTS**

**SUMMONS**

TO: COCHENER GARVEY CAPITAL PARTNERS, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Bradley Survant**
> **Reynolds, Horne & Survant**
> **6320 Peake Rd.**
> **Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 12th day of July, 2022.**

Clerk of Superior Court

*Juanita M. Laidler*

Juanita M. Laidler, Clerk
Macon County, Georgia

EXHIBIT
1

Page 1

**General Civil and Domestic Relations Case Filing Information Form**

☰ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

☑ Superior or ☐ State Court of   Macon   County

**SUCV2022000110**
IHR

JUL 12, 2022 05:09 PM

| For Clerk Use Only | |
|---|---|
| Date Filed 07-12-2022 | Case Number SUCV2022000110 |
| **MM-DD-YYYY** | |

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Harris, Shagavya N. | | | | | Seymour, Blake S | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Cochener Garvey Capital Partners, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | Dunbarton Corporation | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Survant, Bradley     **Bar Number** 692820     **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐   Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                        **Case Number**

☑   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.20

※ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

**IN THE SUPERIOR COURT OF MACON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| **SHAGAVYA N. HARRIS, as Next of Kin of WILLIAM HARRIS, Deceased,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **vs.** | |
| **BLAKE STEPHEN SEYMOUR, COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.), and DUNBARTON CORPORATION,** | |
| **Defendants.** | |

## COMPLAINT

**COMES NOW**, Shagavya N. Harris, as Next of Kin of William Harris, Deceased, Plaintiff, and respectfully shows the Court the following:

**1.**

Plaintiff, as Next of Kin of William Harris, is the proper party to pursue this action for his wrongful death.

**2.**

Defendant Blake Stephen Seymour is a resident of Dothan, Houston County, Alabama and is subject to the jurisdiction and venue of this Court pursuant to the Long Arm Statute, O.C.G.A. § 9-10-91, et seq. and/or the Non-Resident Motorist Act, O.C.G.A. § 40-12-1 and other applicable Georgia law.

**3.**

Defendant Cochener Garvey Capital Partners, Inc. (formerly CGF Industries, Inc.) (hereinafter referred to as "Defendant CGCPI") is a Kansas for profit corporation, authorized to transact business in the State of Kansas, and is subject to the jurisdiction and venue of this Court pursuant to the Long Arm Statute, O.C.G.A. § 9-10-91, et seq., and/or the Non-Resident Motorist Act, O.C.G.A. § 40-12-1, as joint tortfeasor and other applicable Georgia law. Defendant CGCPI maintains a registered office, located at 1551 N. Waterfront Parkway, Suite 100, Wichita, Kansas 67206, where Harvey R. Sorensen, the Registered Agent for Service, is also located.

**4.**

Defendant Dunbarton Corporation (hereinafter referred to as "Defendant Dunbarton") is an Alabama domestic corporation, authorized to transact business in the State of Alabama, and is subject to the jurisdiction and venue of this Court pursuant to the Long Arm Statute, O.C.G.A. § 9-10-91, et seq., and/or the Non-Resident Motorist Act, O.C.G.A. § 40-12-1, as joint tortfeasor and other applicable Georgia law. Defendant Dunbarton maintains a registered office, located at 641 South Lawrence Street, Montgomery, Alabama 36104 where Corporation Service Company, Inc., the Registered Agenet for Service, is also located.

**5.**

Defendants, jointly and severally, caused the wrongful death of William Harris by reason of the facts set out below.

**6.**

Plaintiff shows that on July 28, 2020, at approximately 9:55 p.m. Mr. Harris was walking north on Georgia 49. At approximately the same time, Defendant Seymour was traveling south

on Georgia 49 in the vicinity of the subject collision.  As a result of his inattentiveness and carelessness, Defendant Seymour struck Mr. Harris, killing him.

**7.**

On the subject date, Defendant Seymour was acting in furtherance of Defendant CGCPI's business and operations as its agent, employee and/or representative.  Defendant CGCPI, therefore, is vicariously liable for any negligence of Defendant Seymour.

**8.**

On the subject date, Defendant Seymour was acting in furtherance of Defendant Dunbarton's business and operations as its agent, employee and/or representative.  Defendant Dunbarton, therefore, is vicariously liable for any negligence of Defendant Seymour.

**9.**

Plaintiff shows that the wrongful death of William Harris was a direct result of and proximately caused by the negligence of the Defendants.

**10.**

Defendant Blake Stephen Seymour was negligent in the following particulars:

a)      In following to keep a proper lookout;

b)      In driving over the posted speed limit;

c)      In operating a vehicle with reckless disregard for the safety and well-being of others;

d)      In failing to exercise ordinary due care in the operation of a motor vehicle;

e)      In traveling too fast for conditions; and

f)      Defendant was otherwise negligent.

3

**11.**

Defendant CGCPI was negligent in the following particulars:

a)      In hiring, employing and/or contracting with Defendant Seymour who it knew or should have known was an unsafe driver;

b)      In negligently entrusting Defendant Seymour with the vehicle Defendant Seymour was driving at the time of the collision;

c)      In failing to train and/or properly supervise Defendant Seymour;

d)      In retaining Defendant Seymour after it knew or should have known of his reckless and dangerous propensities; and

e)      Defendant CGCPI was otherwise negligent.

**12.**

Defendant Dunbarton was negligent in the following particulars:

a)      In hiring, employing and/or contracting with Defendant Seymour who it knew or should have known was an unsafe driver;

b)      In negligently entrusting Defendant Seymour with the vehicle Defendant Seymour was driving at the time of the collision;

c)      In failing to train and/or properly supervise Defendant Seymour;

d)      In retaining Defendant Seymour after it knew or should have known of his reckless and dangerous propensities; and

e)      Defendant Dunbarton was otherwise negligent.

**13.**

As a result of the collision complained of in this Complaint, William Harris sustained injuries from which he ultimately died.  At the time of his death, Mr. Harris was 63 years old.

4

**WHEREFORE**, Plaintiff prays for the following:

a)     That summons be issued requiring Defendants to be served as provided by law and requiring Defendants to answer the Complaint;

b)     That Plaintiff have a trial by a fair and impartial jury of twelve members;

c)     That Plaintiff has and recovers damages commensurate with the full value of the life of William Harris;

d)     That costs of bringing this action be taxed against the Defendants; and

e)     That Plaintiff have such other and further relief as this Court shall deem just and equitable.


_____
W. CARL REYNOLDS
Georgia Bar No. 601900


_____
BRADLEY J. SURVANT
Georgia Bar No. 692820


REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

## <u>SERVICE INSTRUCTIONS:</u>

Please serve Defendant Blake Stephen Seymour, personally at 6803 Fortner St., Dothan, Houston County, Alabama 36304, by the Sheriff of Houston County, AL.

Please serve Defendant Cochener Garvey Capital Partners, Inc. through its Registered Agent, Harvey R. Sorensen, at 1551 N. Waterfront Parkway, Suite 100, Wichita, Sedgwick County, Kansas 67206, by the Sheriff of Sedgwick County, KS.

Please serve Defendant Dunbarton Corporation through its Registered Agent, Corporation Service Company, Inc. at 641 South Lawrence St., Montgomery, Montgomery County, AL 36104, by the Sheriff of Montgomery County, AL.

⬚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

**IN THE SUPERIOR COURT OF MACON COUNTY**
**STATE OF GEORGIA**

|  |  |
|---|---|
| SHAGAVYA N. HARRIS, as Next of Kin of WILLIAM HARRIS, Deceased, | |
| **Plaintiff,** | CIVIL ACTION NO. |
| vs. | |
| BLAKE STEPHEN SEYMOUR, COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.), and DUNBARTON CORPORATION, | |
| **Defendants.** | |

## PLAINTIFF'S RULE 5.2 NOTICE OF FILING OF DISCOVERY MATERIAL

COMES NOW, Shagavya N. Harris, as Next of Kin of William Harris, Deceased, Plaintiff in the above-referenced case, and pursuant to the local rules of this court, shows that on July 12, 2022, she filed with the Complaint this Notice and served the following:

1. *Plaintiff's First Interrogatories to Defendant Blake Stephen Seymour;*

2. *Plaintiff's First Request for Production of Documents to Defendant Blake Stephen Seymour;*

3. *Plaintiff's First Request for Admissions to Defendant Blake Stephen Seymour;*

4. *Plaintiff's First Interrogatories to Defendant Cochener Garvey Capital Partners (formerly CGF Industries, Inc.);*

5. *Plaintiff's First Request for Production of Documents to Defendant Cochener Garvey Capital Partners (formerly CGF Industries, Inc.);*

6. *Plaintiff's First Request for Admissions to Defendant Cochener Garvey Capital Partners (formerly CGF Industries, Inc.);*

7.    *Plaintiff's First Interrogatories to Defendant Dunbarton Corporation;*

8.    *Plaintiff's First Request for Production of Documents to Defendant Dunbarton Corporation;* and

9.    *Plaintiff's First Request for Admissions to Defendant Dunbarton Corporation.*


_____
BRADLEY J. SURVANT
Georgia Bar No. 692820


REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

IN THE SUPERIOR COURT OF MACON COUNTY
STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

SHAGAVYA N. HARRIS as Next of Kin
of WILLIAM HARRIS, Deceased,

　　　Plaintiff,

vs.

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

　　　Defendants.

CIVIL ACTION NO.

## NOTICE OF DEPOSITION OF BLAKE STEPHEN SEYMOUR

TO:　**BLAKE STEPHEN SEYMOUR**
　　　6803 Fortner St.
　　　Dothan, AL  36305

You are hereby notified that beginning at **10:00 a.m. on October 17, 2022** at the offices of **Reynolds, Horne & Survant, 6320 Peake Road, Macon, GA 31210,** attorneys for the plaintiff will proceed to take the deposition of **BLAKE STEPHEN SEYMOUR** upon oral examination pursuant to O.C.G.A. § 9-11-30, before a notary public, or before some other officer duly authorized by law to take depositions.  The deposition will continue from day to day until it is completed.

This deposition is being taken for the purpose of discovery, for use as evidence and for such other uses and purposes as are permitted under the Georgia Civil Practice Act.

_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

📠 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **SHAGAVYA N. HARRIS, as Next of Kin of WILLIAM HARRIS, Deceased,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **vs.** | |
| **BLAKE STEPHEN SEYMOUR, COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.), and DUNBARTON CORPORATION,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.)

Pursuant to O.C.G.A. § 9-11-36, Plaintiff makes the following First Request for Admissions ("Request(s)") upon Defendant Cochener Garvey Capital Partners (formerly CGF Industries, Inc.) (hereinafter referred to as "Defendant Cochener"). Answers to each Request for Admissions must be made separately and fully in writing by the Defendant, or a person authorized to make answers on behalf of the Defendant, and must be served on the undersigned counsel of record for the Plaintiff within 45 days of the service of these Requests. The effect of a failure to respond to this Request for Admissions within 45 days of service is the admission of each matter for which an admission is requested.

If you deny only a part of a Request, state which part of the Request you admit and which part you deny. If you can make the requested admission only with qualifications, state in full each qualification you make. If you cannot admit or deny a particular Request, set forth in detail

each reason why you cannot do so. Note that lack of knowledge or information is not a sufficient reason for failure to admit or deny a Request.

The word "you" or "your" refers to Defendant Cochener.

## YOU ARE HEREBY REQUESTED TO ADMIT:

That each of the following statements is true:

**1.**

On or about July 28, 2020, Defendant Seymour was your employee.

**2.**

On or about July 28, 2020, Defendant Seymour was acting within the scope of his employment at the time of the subject collision.

**3.**

You are the owner of the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint, said truck being identified by Missouri license plate CV7D7J on said vehicle.

**4.**

You were leasing the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint, said truck being identified by Missouri license plate CV7D7J on said vehicle.

**5.**

You entrusted the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint to Defendant Seymour.

**6.**

You failed to train and/or properly supervise Defendant Seymour on July 28, 2020.

**7.**

As of July 28, 2020, you were conducting business in the State of Georgia.

**8.**

You were properly named and were legally served with this document, complaint, interrogatories and request for productions of documents.

**9.**

Defendant Seymour had custody and control of the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint on July 28, 2020.

**10.**

You paid for a policy of liability coverage that was applicable to the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint on July 28, 2020.

_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

3

✎ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**

JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

    **Plaintiff,**

    **vs.**

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

    **Defendants.**

CIVIL ACTION NO.

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT
## DUNBARTON CORPORATION

Pursuant to O.C.G.A. § 9-11-36, Plaintiff makes the following First Request for Admissions ("Request(s)") upon Defendant Dunbarton Corporation (hereinafter referred to as "Defendant Dunbarton"). Answers to each Request for Admissions must be made separately and fully in writing by the Defendant, or a person authorized to make answers on behalf of the Defendant, and must be served on the undersigned counsel of record for the Plaintiff within 30 days of the service of these Requests. The effect of a failure to respond to this Request for Admissions within 45 days of service is the admission of each matter for which an admission is requested.

If you deny only a part of a Request, state which part of the Request you admit and which part you deny. If you can make the requested admission only with qualifications, state in full each qualification you make. If you cannot admit or deny a particular Request, set forth in detail

each reason why you cannot do so.  Note that lack of knowledge or information is not a sufficient reason for failure to admit or deny a Request.

The word "you" or "your" refers to Defendant Dunbarton.

### YOU ARE HEREBY REQUESTED TO ADMIT:

That each of the following statements is true:

**1.**

On or about July 28, 2020, Defendant Seymour was your employee.

**2.**

On or about July 28, 2020, Defendant Seymour was acting within the scope of his employment at the time of the subject collision.

**3.**

You are the owner of the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint, said truck being identified by Missouri license plate CV7D7J on said vehicle.

**4.**

You were leasing the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint, said truck being identified by Missouri license plate CV7D7J on said vehicle.

**5.**

You entrusted the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint to Defendant Seymour.

**6.**

You failed to train and/or properly supervise Defendant Seymour on July 28, 2020.

2

**7.**

As of July 28, 2020, you were conducting business in the State of Georgia.

**8.**

You were properly named and were legally served with this document, complaint, interrogatories and request for productions of documents.

**9.**

Defendant Seymour had custody and control of the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint on July 28, 2020.

**10.**

You paid for a policy of liability coverage that was applicable to the 2020 Nissan Armada which was involved in the incident complained of in Plaintiff's Complaint on July 28, 2020.


_____

BRADLEY J. SURVANT
Georgia Bar No. 692820


REYNOLDS, HORNE & SURVANT
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

3

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

**IN THE SUPERIOR COURT OF MACON COUNTY
STATE OF GEORGIA**

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

    **Plaintiff,**

    **vs.**

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

    **Defendants.**

**CIVIL ACTION NO.**

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BLAKE STEPHEN SEYMOUR

---

Pursuant to O.C.G.A. § 9-11-36, Plaintiff makes the following First Request for Admissions ("Request(s)") upon Defendant Blake Stephen Seymour. Answers to each Request must be made separately and fully in writing by the Defendant, or a person authorized to make answers on behalf of the Defendant, and must be served on the undersigned counsel of record for the Plaintiff within 45 days of the service of these Requests. The effect of a failure to respond to this Request for Admissions within 45 days of service is the admission of each matter for which an admission is requested.

If you deny only a part of a Request, state which part of the Request you admit and which part you deny. If you can make the requested admission only with qualifications, state in full each qualification you make. If you cannot admit or deny a particular Request, set forth in detail each reason why you cannot do so. Note that lack of knowledge or information is not a sufficient reason for failure to admit or deny a Request.

The word "you" or "your" refers to Defendant Blake Stephen Seymour.

**YOU ARE HEREBY REQUESTED TO ADMIT:**

That each of the following statements is true:

**1.**

You are a resident of Dothan, Houston County, AL and subject to the jurisdiction and venue of this Court.

**2.**

On July 28, 2020, you were operating a 2020 Nissan Armada identified by Missouri license plate number CV7D7J.

**3.**

On July 28, 2020, you failed to exercise ordinary due care in the operation or use of said vehicle.

**4.**

On July 28, 2020, you failed to keep control of said vehicle.

**5.**

On July 28, 2020, you were traveling too fast for conditions.

**6.**

On July 28, 2020, you operated a vehicle with reckless disregard to the safety and well-being of others.

**7.**

On July 28, 2020, you were operating a cell phone at the time of or just prior to the subject incident.

2

**8.**

You were properly named and were legally served with this document, complaint, interrogatories and request for productions of documents.

**9.**

On July 28, 2020, you caused the death of William Harris.

**10.**

You are liable to Plaintiff for wrongful death of William Harris.

**11.**

On July 28, 2020, you were acting as an employee and/or agent of Defendant Cochener Garvey Capital Partners (formerly CGF Industries, Inc.).

**12.**

On July 28, 2020, you were acting as an employee and/or agent of Defendant Dunbarton Corporation.

_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

3

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **SHAGAVYA N. HARRIS, as Next of Kin of WILLIAM HARRIS, Deceased,** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| **vs.** | |
| **BLAKE STEPHEN SEYMOUR, COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.), and DUNBARTON CORPORATION,** | |
| **Defendants.** | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.)

Pursuant to O.C.G.A. § 9-11-33, Plaintiff requests that Defendant Cochener Garvey Capital Partners (formerly CGF Industries, Inc.) (hereinafter referred to as "Defendant Cochener") answer these Interrogatories, separately and individually, in writing, and under oath, as provided by law.

## INSTRUCTIONS

### 1.

You must exercise due diligence to secure full information to answer these Interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these Interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

## DEFINITIONS

1.

The word "identify" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "identify" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document;

(a)     the title or other means of identification;

(b)     the date;

(c)     the author, including his or her name, address, telephone number and employer;

(d)     the recipient, including his or her name, address, telephone number, employer and date of receipt;

(e)     the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

(f)     the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded electronically, physically, or in any other format from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant. The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, e-mails, studies, print-outs, calendars, diaries, statements, work papers, checks, agreements, logs, ledgers, payrolls, licenses, tax records, citations, purchase orders, reprimands, invoices, write-ups, receipts, disciplinary documents, microfilm, microfiche, punch cards, time cards, magnetic tapes, disks, press releases, news publications, video, CD and DVD recordings in any format, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

6.

The word "you" or "your" refers to Defendant Cochener.

## GENERAL INFORMATION

1. If you claim that you are not properly designated herein, state the proper name of the corporation and the state in which it is incorporated.

2. If you assert that you are not vicariously liable for Defendant Seymour's acts, provide the proper name of every person, corporation, firm, or other entity known to you which is or may be vicariously liable for Defendant Seymour's acts alleged in the Complaint and why you are not.

3. If you contend that this Court does not have jurisdiction over you, or it is not the proper venue for this action, state every fact on which you rely in support of that contention.

4. State how long Defendant Seymour has been employed by you, stating his title, duties, and responsibilities.

5. How long had you owned, operated or had an interest in the subject 2020 Nissan Armada truck involved in the subject incident?

6. If Defendant Seymour has been involved in any automobile collisions other than the subject collision, please describe each one.

7. Where had Defendant Seymour been prior to the incident, where was he going at the time of the incident, and what time was he due to arrive at the destination?

8. If you or Defendant Seymour have given any statements about the subject incident, identify by name, address, and telephone number, the individual and/or company to whom this statement was given.

4

9.      Have you ever been a plaintiff or defendant in any civil action or any form of civil litigation, and, if so, state the date, type of civil action and in which court this civil action was filed.

10.     State the name and address of any potential party to this lawsuit not already a party.

## **VEHICLE INFORMATION**

11.     What ownership, interest or title did you have in the subject 2020 Nissan Armada at the time of the accident?

12.     State the reasons and/or circumstances under which Defendant Seymour was operating the 2020 Nissan Armada at the time of the collision.

13.     With respect to the subject 2020 Nissan Armada, state the name, address, and last known residence address of the registered owner, and legal owner if other than the registered owner as of the date of this collision.

14.     State whether or not on the date of the collision the subject 2020 Nissan Armada had any mechanical defects, and if so, the nature of the same.

15.     Describe the damage done to the subject 2020 Nissan Armada as a result of the collision, and state whether it was repaired.  If repaired, please give the name of the person or company that repaired the subject 2020 Nissan Armada and the total cost of said repairs.

16.     Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(a)      Name and address of company;

(b)      Limits of liability coverage;

(c)      Policy number;

5

(d)     Named insured.

## WITNESS INFORMATION

17.     State the name, address, and current telephone number of any and all persons who to your knowledge or belief were eyewitnesses to the collision and who were present at the scene of this collision immediately after its occurrence and at any time within one hour following.

18.     State the names, addresses, and current telephone number of any and all persons who accompanied Defendant Seymour during any part of his trip prior to this collision, up to the collision.

19.     State the names, addresses, and current telephone number of all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

20.     Under what circumstances was Defendant Seymour operating the 2020 Nissan Armada truck on the date of the accident?

21.     Please identify any and all persons you expect to call as expert witness in the trial of this case, and give the substance of the facts and opinions to which the expert is expected to testify as well as his address and phone number.

22.     Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the above captioned case.

23.     Please describe the contents of the employee file maintained on Defendant Seymour, including dates of any documents therein, titles/headings, who maintains the employee files, and the use for each document in the employee files.

24.     Prior to and including July 28, 2020, did you conduct business in the state of Georgia, and, if so, how long had you been doing so, what was the nature of the business conducted, and how often did you conduct said business?

25.     Do you maintain any office, business, or industry location in the state of Georgia and, if so, please indicate the address, phone number, and time period of doing so.

26.     Do you provide, furnish, or pay for cellular phone service, or similar device, to Defendant Seymour and, if so, please state the cellular number, cellular provider, and name of the account holder.

27.     Describe the corporate relationship with Cochener Garvey Capital Partners and Dunbarton Corporation.

28.     Who is your safety director (or similar title) that trains employees regarding vehicle safety and operation?

29.     Did Defendant Seymour have permission to operate the 2020 Nissan Armada on the date of the collision?

30.     Prior to the collision, had Defendant Seymour ever operated any vehicle owed, maintained, and/or leased by you?   If so, please describe the reasons and/or circumstances of why he would have done so.

_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

7

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

**IN THE SUPERIOR COURT OF MACON COUNTY**
**STATE OF GEORGIA**

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

    **Plaintiff,**

    **vs.**

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

    **Defendants.**

**CIVIL ACTION NO.**

---

**PLAINTIFF'S FIRST INTERROGATORIES TO**
**DEFENDANT DUNBARTON CORPORATION**

---

Pursuant to O.C.G.A. § 9-11-33, Plaintiff requests that Defendant Dunbarton Corporation

(hereinafter referred to as "Defendant Dunbarton") answer these Interrogatories, separately and

individually, in writing, and under oath, as provided by law.

**INSTRUCTIONS**

1.

You must exercise due diligence to secure full information to answer these

Interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the

extent possible, specify your inability to answer the remainder, state whatever information or

knowledge you have concerning the unanswered portion, and detail what you did in attempting

to secure the unknown information.

2.

If any information requested by these Interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

## **DEFINITIONS**

1.

The word "identify" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "identify" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document;

    (a)     the title or other means of identification;

    (b)     the date;

    (c)     the author, including his or her name, address, telephone number and employer;

(d) the recipient, including his or her name, address, telephone number, employer and date of receipt;

(e) the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

(f) the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded electronically, physically, or in any other format from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, e-mails, studies, print-outs, calendars, diaries, statements, work papers, checks, agreements, logs, ledgers, payrolls, licenses, tax records, citations, purchase orders, reprimands, invoices, write-ups, receipts, disciplinary documents, microfilm, microfiche, punch cards, time cards, magnetic tapes, disks, press releases, news publications, video, CD and DVD recordings in any format, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

6.

The word "you" or "your" refers to Defendant Dunbarton.

**GENERAL INFORMATION**

1.  If you claim that you are not properly designated herein, state the proper name of the corporation and the state in which it is incorporated.

2.  If you assert that you are not vicariously liable for Defendant Seymour's acts, provide the proper name of every person, corporation, firm or other entity known to you which is or may be vicariously liable for Defendant Seymour's acts alleged in the Complaint and why you are not.

3.  If you contend that this Court does not have jurisdiction over you, or it is not the proper venue for this action, state every fact on which you rely in support of that contention.

4.  State how long Defendant Seymour has been employed by you, stating his title, duties, and responsibilities.

5.  How long had you owned, operated or had an interest in the subject 2020 Nissan Armada truck involved in the subject incident?

6.  If Defendant Seymour has been involved in any automobile collisions other than the subject collision, please describe each one.

7.  Where had Defendant Seymour been prior to the incident, where was he going at the time of the incident, and what time was he due to arrive at the destination?

8.  If you or Defendant Seymour have given any statements about the subject incident, identify by name, address, and telephone number, the individual and/or company to whom this statement was given.

4

9. Have you ever been a plaintiff or defendant in any civil action or any form of civil litigation, and, if so, state the date, type of civil action and in which court this civil action was filed.

10. State the name and address of any potential party to this lawsuit not already a party.

## **VEHICLE INFORMATION**

11. What ownership, interest or title did you have in the subject 2020 Nissan Armada at the time of the accident?

12. State the reasons and/or circumstances under which Defendant Seymour was operating the 2020 Nissan Armada at the time of the collision.

13. With respect to the subject 2020 Nissan Armada, state the name, address, and last known residence address of the registered owner, and legal owner if other than the registered owner as of the date of this collision.

14. State whether or not on the date of the collision the subject 2020 Nissan Armada had any mechanical defects, and if so, the nature of the same.

15. Describe the damage done to the subject 2020 Nissan Armada as a result of the collision, and state whether it was repaired.  If repaired, please give the name of the person or company that repaired the subject 2020 Nissan Armada and the total cost of said repairs.

16. Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(a) Name and address of company;

(b) Limits of liability coverage;

(c) Policy number;

5

(d)     Named insured.

## WITNESS INFORMATION

17.     State the name, address, and current telephone number of any and all persons who to your knowledge or belief were eyewitnesses to the collision and who were present at the scene of this collision immediately after its occurrence and at any time within one hour following.

18.     State the names, addresses, and current telephone number of any and all persons who accompanied Defendant Seymour during any part of his trip prior to this collision, up to the collision.

19.     State the names, addresses, and current telephone number of all persons who have furnished statements, signed or unsigned, to you, your representative or attorney.

20.     Under what circumstances was Defendant Seymour operating the 2020 Nissan Armada truck on the date of the accident?

21.     Please identify any and all persons you expect to call as expert witness in the trial of this case, and give the substance of the facts and opinions to which the expert is expected to testify as well as his address and phone number.

22.     Please give the name, current address, place of employment and telephone number of all persons known to you or your attorney who have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the above captioned case.

23.     Please describe the contents of the employee file maintained on Defendant Seymour, including dates of any documents therein, titles/headings, who maintains the employee files, and the use for each document in the employee files.

24.     Prior to and including July 28, 2020, did you conduct business in the state of Georgia, and, if so, how long had you been doing so, what was the nature of the business conducted, and how often did you conduct said business?

25.     Do you maintain any office, business, or industry location in the state of Georgia and, if so, please indicate the address, phone number, and time period of doing so.

26.     Do you provide, furnish, or pay for cellular phone service, or similar device, to Defendant Seymour and, if so, please state the cellular number, cellular provider, and name of the account holder.

27.     Describe the corporate relationship with Dunbarton Corporation and Cochener Garvey Capital Partners.

28.     Who is your safety director (or similar title) that trains employees regarding vehicle safety and operation?

29.     Did Defendant Seymour have permission to operate the 2020 Nissan Armada on the date of the collision?

30.     Prior to the collision, had Defendant Seymour ever operated any vehicle owed, maintained, and/or leased by you?   If so, please describe the reasons and/or circumstances of why he would have done so.


_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

**IN THE SUPERIOR COURT OF MACON COUNTY STATE OF GEORGIA**

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

    Plaintiff,

    vs.

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

    Defendants.

CIVIL ACTION NO.

---

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BLAKE STEPHEN SEYMOUR**

---

Pursuant to O.C.G.A. § 9-11-33, Plaintiff requests that Defendant Blake Stephen Seymour answer these Interrogatories, separately and individually, in writing, and under oath, as provided by law.

## INSTRUCTIONS

1.

You must exercise due diligence to secure full information to answer these Interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.

If any information requested by these Interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.

These Interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

## DEFINITIONS

1.

The word "identify" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.

The word "identify" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.

The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document;

(a)     the title or other means of identification;

(b)     the date;

(c)     the author, including his or her name, address, telephone number and employer;

(d)     the recipient, including his or her name, address, telephone number, employer and

date of receipt;

(e)     the names, addresses, and telephone numbers of any and all persons who have

custody or control of the document; and

(f)     the present location of the document.

4.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded electronically, physically, or in any other format from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant.   The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, e-mails, studies, print-outs, calendars, diaries, statements, work papers, checks, agreements, logs, ledgers, payrolls, licenses, tax records, citations, purchase orders, reprimands, invoices, write-ups, receipts, disciplinary documents, microfilm, microfiche, punch cards, time cards, magnetic tapes, disks, press releases, news publications, video, CD and DVD recordings in any format, depositions, and answers to interrogatories.

5.

The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

6.

The word "you" or "your" refers to Defendant Blake Stephen Seymour.

3

## GENERAL INFORMATION

1.  State your full name and any other names you have used in your lifetime, birth date, marital status, social security number, and names and addresses of any relatives you have in the county in which this lawsuit is currently pending.

2.  State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years, including residences simultaneously maintained.

3.  If you are not correctly identified in the Complaint, please state the correct name and address.

4.  Identify each of your employers for the past ten (10) years, the position and job duties you held with each such employer, and the reason for your change of employment.

5.  Identify your direct supervisor at the time of the incident.

6.  Identify your Safety Director at the time of the incident.

7.  If you have ever been convicted of, or pled guilty to, any crime, either misdemeanor or felony, identify the crime and state where and when it occurred.

8.  If, within the twelve (l2) hour period immediately preceding the accident, you consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

9.  Did you have a valid driver's license, without restrictions, at the time of the subject incident and do you currently have a valid driver's license, without restrictions?

10. If you have been involved in other vehicular accidents, identify each by date, place and what happened.

4

11.    If you have ever been a party in any form of civil litigation, state the date, type of civil action and the court in which the civil action was filed.

12.    Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

    (a)    Name and address of company;

    (b)    Limits of liability coverage;

    (c)    Policy number;

    (d)    Named insured.

13.    State the name and address of any potential party to this lawsuit not already a party.

## VEHICLE INFORMATION

14.    Identify all owners and lessors of the vehicle you were operating at the time the accident occurred.

15.    If you were not the servant, agent, or employee of the owner of the vehicle referred to in Interrogatory No. 14, state the circumstances under which you were operating the vehicle at the time of the accident.

16.    Describe any information you have indicating that there was a defect or failure on the part of any vehicle or equipment involved in the incident, including, but not limited to, any defects appearing in the vehicle you were driving after the last inspection.

## WITNESS INFORMATION

17.    Identify all persons you expect to call as expert witness in the trial of this case, and give the substance of the fact and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

18.    Identify all persons who to your knowledge or belief:

(a)    were eyewitnesses to the accident;

(b)    who accompanied and/or followed you during any part of your trip prior to this accident, up to the accident;

(c)    who have furnished statements, signed or unsigned, to you, your representative or attorney;

(d)    to whom you have given any statements about this accident; and

(e)    who otherwise have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the captioned case.

## COLLISION INFORMATION

19.    Explain how the subject collision occurred.

20.    Where had you been prior to the accident, where were you going at the time of the accident, and what time were you due to arrive at your destination?

21.    State the substance of every utterance made by or to you at the scene of the accident and identify the speaker by name, if known, or by any other facts which might lead to discovery of the speaker's identity.

22.    If any photographs or video tapes were made of the scene of the occurrence complained of, or of any vehicle or other physical object involved in the occurrence complained of, state the following:

(a)    The subject represented and all facts represented or shown.

(b)    The name, address and telephone number of the person having possession, custody or control thereof.

23.    Were you familiar with the general area where this accident occurred?

24.    Please state whether you had in your possession a cell phone, car phone, mobile phone, pager, or radio communication device immediately prior to or at the time of this collision and please provide the phone number, cellular provider, and name of the account holder.

25.    Identify every act by which you claim that the Plaintiff unreasonably exposed himself to a foreseeable risk of injury or death.

26.    Identify every other act or event which supports each affirmative defense that you raise.

27.    Who was the last person you spoke to on any cellular or radio device prior to having knowledge of the accident, including the time of said call, the length of the call, and the number that person called to reach you?

28.    Please state the circumstances and/or reasons why you were operating the subject 2020 Nissan Armada on July 28, 2020 and who allowed/gave you permission to operate the vehicle.

_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

7

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

**SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,**

    **Plaintiff,**

    vs.

**BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,**

    **Defendants.**

**CIVIL ACTION NO.**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.)

Pursuant to O.C.G.A. § 9-11-34, Plaintiff makes the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiff's inspection and copying no later than 45 days after service of this document.  The production shall take place at the office of Reynolds, Horne & Survant, 6320 Peake Road, Macon, Georgia 31210.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with Plaintiff.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, e-mails, studies, print-outs, calendars, diaries, statements, work papers, checks, agreements, logs, ledgers, payrolls, licenses, tax records, citations, purchase orders, reprimands, invoices, write-ups, receipts, disciplinary documents, microfilm, microfiche, punch cards, time cards, magnetic tapes, disks, press releases, news publications, video, CD and DVD recordings in any format, depositions, and answers to interrogatories.

2.

The word "you" or "your" refers to Defendant Cochener Garvey Capital Partners.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.     A copy of Defendant Seymour's driver's license.

2.     A copy of Defendant Seymour's driving record for the past seven years.

3.     A copy of Defendant Seymour's employee and/or personnel file.

4.     A copy of Defendant Seymour's medical records for three years prior to the date of the subject incident.

5.     A copy of any medical records related to treatment received by Defendant Seymour due to injuries sustained in the subject incident.

6.     All documents containing the results of any drug or alcohol test that was administered to Defendant Seymour after the subject incident.

7.   All documents containing the results of any drug or alcohol test that have been administered to Defendant Seymour since the date of hiring.

8.   All records related to the alcohol and drug testing collection processes and records of training for the two years prior to the subject incident regarding Defendant Seymour.

9.   A copy of all company manuals covering vehicle safety, maintenance and driver's standards.

10.  A copy of all employee orientation training materials.

11.  A copy of your company documents related to hiring policies and procedures

12.  A copy of all documents relating to disciplinary actions taken against Defendant Seymour for any reason.

13.  A copy of all cell phone or mobile radio records regarding the trip that Defendant Seymour was on at the time of the subject incident and for the preceding 30 days.

14.  A copy of all dispatch records, logbooks or any other records regarding the trip that Defendant Seymour was on at the time of the subject incident and for the preceding 30 days.

15.  All photographs depicting the vehicles involved in the collision in question, the scene of the accident, of Defendant Seymour, of the vehicle Defendant Seymour was driving at the time of the collision, or any other matter relating to this case.

16.  All plats, surveys, drawings, maps, sketches, movies, videotape or other reproduction of the scene of the accident which has been made the basis of this lawsuit.

3

17. All accident reports concerning the incident, including any that were prepared by you or on your behalf.

18. All damage appraisals, repair bills or work orders for the repair of the 2020 Nissan Armada for any damages sustained in the subject incident.

19. All repair invoices for one year prior to the subject incident for the 2020 Nissan Armada involved in the subject incident.

20. All wrecker or tow truck records for the 2020 Nissan Armada involved in the subject incident.

21. The title to the vehicle driven by Defendant Seymour at the time in question, or lease papers or contracts if it was not owned by this Defendant.

22. All unit and maintenance records on the subject 2020 Nissan Armada for one year prior to the subject incident.

23. A copy of any contract of employment that would govern the relationship with any other party or the scope of employment.

24. All statements of witnesses.

25. All statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording and any transcription thereof made by Plaintiff hereto.

26. All surveillance movies or photographs which have been made of the Plaintiff.

27. All expert reports which have been obtained from any expert, specifically any expert who will or is expected to testify at trial.

28.   All insurance policies or agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you, Defendant Seymour or the automobile being driven by Defendant Seymour at the time in question.

29.   All settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

30.   All policies and procedures not previously requested regarding the operation of company vehicles.

31.   All disciplinary documentation relating to Defendant Seymour for the date of the collision and the preceding 12 months.


_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

5

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**

JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

**SHAGAVYA N. HARRIS, as Next of Kin of WILLIAM HARRIS, Deceased,**

    **Plaintiff,**

    vs.

**BLAKE STEPHEN SEYMOUR, COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.), and DUNBARTON CORPORATION,**

    **Defendants.**

**CIVIL ACTION NO.**

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DUNBARTON CORPORATION

Pursuant to O.C.G.A. § 9-11-34, Plaintiff makes the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiff's inspection and copying no later than 45 days after service of this document. The production shall take place at the office of Reynolds, Horne & Survant, 6320 Peake Road, Macon, Georgia 31210.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with Plaintiff.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, e-mails, studies, print-outs, calendars, diaries, statements, work papers, checks, agreements, logs, ledgers, payrolls, licenses, tax records, citations, purchase orders, reprimands, invoices, write-ups, receipts, disciplinary documents, microfilm, microfiche, punch cards, time cards, magnetic tapes, disks, press releases, news publications, video, CD and DVD recordings in any format, depositions, and answers to interrogatories.

2.

The word "you" or "your" refers to Defendant Dunbarton Corporation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    A copy of Defendant Seymour's driver's license.

2.    A copy of Defendant Seymour's driving record for the past seven years.

3.    A copy of Defendant Seymour's employee and/or personnel file.

4.    A copy of Defendant Seymour's medical records for three years prior to the date of the subject incident.

5.    A copy of any medical records related to treatment received by Defendant Seymour due to injuries sustained in the subject incident.

6.    All documents containing the results of any drug or alcohol test that was administered to Defendant Seymour after the subject incident.

2

7.     All documents containing the results of any drug or alcohol test that have been administered to Defendant Seymour since the date of hiring.

8.     All records related to the alcohol and drug testing collection processes and records of training for the two years prior to the subject incident regarding Defendant Seymour.

9.     A copy of all company manuals covering vehicle safety, maintenance and driver's standards.

10.    A copy of all employee orientation training materials.

11.    A copy of your company documents related to hiring policies and procedures

12.    A copy of all documents relating to disciplinary actions taken against Defendant Seymour for any reason.

13.    A copy of all cell phone or mobile radio records regarding the trip that Defendant Seymour was on at the time of the subject incident and for the preceding 30 days.

14.    A copy of all dispatch records, logbooks or any other records regarding the trip that Defendant Seymour was on at the time of the subject incident and for the preceding 30 days.

15.    All photographs depicting the vehicles involved in the collision in question, the scene of the accident, of Defendant Seymour, of the vehicle Defendant Seymour was driving at the time of the collision, or any other matter relating to this case.

16.    All plats, surveys, drawings, maps, sketches, movies, videotape or other reproduction of the scene of the accident which has been made the basis of this lawsuit.

17.   All accident reports concerning the incident, including any that were prepared by you or on your behalf.

18.   All damage appraisals, repair bills or work orders for the repair of the 2020 Nissan Armada for any damages sustained in the subject incident.

19.   All repair invoices for one year prior to the subject incident for the 2020 Nissan Armada involved in the subject incident.

20.   All wrecker or tow truck records for the 2020 Nissan Armada involved in the subject incident.

21.   The title to the vehicle driven by Defendant Seymour at the time in question, or lease papers or contracts if it was not owned by this Defendant.

22.   All unit and maintenance records on the subject 2020 Nissan Armada for one year prior to the subject incident.

23.   A copy of any contract of employment that would govern the relationship with any other party or the scope of employment.

24.   All statements of witnesses.

25.   All statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording and any transcription thereof made by Plaintiff hereto.

26.   All surveillance movies or photographs which have been made of the Plaintiff.

27.   All expert reports which have been obtained from any expert, specifically any expert who will or is expected to testify at trial.

4

28.    All insurance policies or agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering you, Defendant Seymour or the automobile being driven by Defendant Seymour at the time in question.

29.    All settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

30.    All policies and procedures not previously requested regarding the operation of company vehicles.

31.    All disciplinary documentation relating to Defendant Seymour for the date of the collision and the preceding 12 months.


_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P. O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

5

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
JUL 12, 2022 05:09 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY
## STATE OF GEORGIA

**SHAGAVYA N. HARRIS, as Next of Kin of WILLIAM HARRIS, Deceased,**

    **Plaintiff,**

    **vs.**

**BLAKE STEPHEN SEYMOUR, COCHENER GARVEY CAPITAL PARTNERS (formerly CGF INDUSTRIES, INC.), and DUNBARTON CORPORATION,**

    **Defendants.**

**CIVIL ACTION NO.**

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BLAKE STEPHEN SEYMOUR

---

Pursuant to O.C.G.A. § 9-11-34, Plaintiff makes the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiff's inspection and copying no later than 45 days after service of this document. The production shall take place at the office of Reynolds, Horne & Survant, 6320 Peake Road, Macon, Georgia 31210.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with plaintiff.  The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, e-mails, studies, print-outs, calendars, diaries, statements, work papers, checks, agreements, logs, ledgers, payrolls, licenses, tax records, citations, purchase orders, reprimands, invoices, write-ups, receipts, disciplinary documents, microfilm, microfiche, punch cards, time cards, magnetic tapes, disks, press releases, news publications, video, CD and DVD recordings in any format, depositions, and answers to interrogatories.

2.

The word "you" or "your" refers to Defendant Blake Stephen Seymour.

## REQUESTS FOR PRODUCTION

1. A copy of your driver's license(s).

2. A copy of your driving record for the past ten years.

3. All photographs depicting the vehicles involved in the subject incident.

4. All photographs depicting the scene of the accident or any other matter or issue relating to this case.

5. All plats, surveys, drawings, maps, sketches, movies, videotape or other reproduction of the scene of the accident which has been made the basis of this lawsuit.

6. All accident reports concerning the incident, including any that were prepared by you or on your behalf.

7.      All damage appraisals made of the 2020 Nissan Armada involved in the subject accident.

8.      All repair invoices for the 2020 Nissan Armada involved in the subject accident.

9.      The title to the 2020 Nissan Armada driven by you at the time in question, or lease papers or contracts if it was not owned by you.

10.     All equipment and maintenance records on the subject vehicle for the six-month period prior to and including the date of the subject incident.

11.     A copy of any contract of employment that would govern the relationship with any other party or the scope of employment.

12.     Any documentation that relates to any agreement among the parties regarding your employment.

13.     All statements of witnesses.

14.     All statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording and any transcription thereof made by Plaintiff hereto.

15.     All surveillance movies or photographs which have been made of the Plaintiff.

16.     All expert reports which have been obtained from any expert, specifically any expert who will or is expected to testify at trial.

17.     Any handbook, orientation manual, employee manual, safety manual or instruction manual of any sort provided to you by Defendant employer.

18.     Any inspection forms, checklists, reports, or other documents completed by you from the time you left the point of origination on the date of the subject incident until the time of the incident.

3

19.   All insurance policies or agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the vehicle being driven by defendant at the time in question.

20.   All settlement agreements in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

21.   Please provide a copy of the contract for service, itemized billing statements, and all documentation of usage for any cell phone, car phone, mobile phone, pager, or radio communication device which you owned, had access to, or used on the date of the occurrence.

22.   All test results for any drug and alcohol testing as a result of this collision and all other documentation referring or related thereto.

_____
BRADLEY J. SURVANT
Georgia Bar No. 692820

REYNOLDS, HORNE & SURVANT
P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

4

RECEIVED JUL 2 8 2022

FILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA
**SUCV2022000110**
JHB
JUL 28, 2022 02:53 PM

*Juanita M. Laidler*
Juanita M Laidler, Clerk
Macon County, Georgia
BJS
KAF
MB



## SEDGWICK COUNTY, KANSAS

**SHERIFF'S OFFICE**
**Jeff Easter**
**Sheriff**

141 WEST ELM   *   WICHITA, KANSAS  67203   *   TELEPHONE: (316) 660-3960   *   FAX: (316) 660-3996

### <u>AFFIDAVIT OF SERVICE</u>

**STATE OF KANSAS**

**SEDGWICK COUNTY**                                     **CASE NUMBER: SUCV2022000110**

**Deputy Stacey Castle ID #D2495,** being of legal age and sworn upon his/her oath, deposed and says; That the undersigned is a duly appointed, acting and qualified Deputy Sheriff of Sedgwick County, Kansas, an adult over the age of 21 years and is in no manner interested in this legal action.

That on the 20th day of July 2022 at 1304 hours, she was able to serve Harvey R. Sorenson with the following: Summons, Complaint and Discovery Documents to All Parties, at 1551 N. Waterfront Parkway, Suite 100, in Wichita and Sedgwick County, KS. Service was made by handling or delivering to Sue Williams, receptionist for Harvey Sorenson, true and correct copies of the above legal documents. Ms. Williams then handed the documents to Misty Busch, assistant to Mr. Sorenson, and Ms. Busch delivered the documents to Mr. Sorenson. Deputy Castle contacted Ms. Busch by telephone on that same day to confirm service.

A flat fee of $50.00 per address was received for service by the Sedgwick County Sheriff's Office.

NOTARY PUBLIC - State of Kansas
NANCY J HESLER FUCHS
My Appt Expires 4-22-2023

**Jeff Easter**

Sheriff of Sedgwick Co., Ks

BY: *Stacey Castle* D2495

Subscribed and sworn before me this 20th day of July, 2022.

*Nancy J Hesler-Fuchs*

Notary Public, Sedgwick County, KS

My commission expires 04/22/2023

RECEIVED JUL 21 2022

SHERIFF'S ENTRY OF SERVICE

Civil Action No. SUCV2022000110

Date Filed 07/12/2022

Attorney's Address

Bradley J. Survant, Esq.

P.O. Box 26610

Macon, GA 31221

Name and Address of Party to Served

Dunbarton Corporation via Reg. Agent

Corp, Service Co., 641 South Lawrence St.

Montgomery, AL  36104

*Also serving ROGs, RPDs, RFAs, & Notice of
Depo of Def. Seymour

Superior Court ☒
State Court ☐
Probate Court ☐
Juvenile Court ☐

Magistrate Court ☐

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

SUCV2022000110
JHB
JUL 21, 2022 02:19 PM

Juanita M. Laidler, Clerk
Macon County, Georgia

Georgia, MACON COUNTY

SHAGAVYA N. HARRIS, as Next of Kin of

WILLIAM HARRIS, Deceased
_____ Plaintiff

VS.

BLAKE STEPHEN SEYMOUR, COCHENER

GARVEY CAPITAL PARTNERS (formerly C(
_____ Defendant

INDUSTRIES, INC.) and DUNBARTON COR

_____ Garnishee

11398
BJS
KAF
MB

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

☐

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐  Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation
by leaving a copy of the within action and summons with   *Kelly webster*
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐  envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐  not to be found in the jurisdiction of this Court.

This 18th day of July 5th, 2022

DEPUTY

SUCV2022000110

DUNBARTON CORP                                         Wit

SHERIFF'S ENTRY OF SERVICE

RECEIVED AUG 02 2022

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

SUCV2022000110
JHB

AUG 02, 2022 02:37 PM

Juanita M. Laidler
Juanita M. Laidler, Clerk
Macon County, Georgia

Civil Action No. SUCV2022000110

Date Filed 07/12/2022

Attorney's Address

Bradley J. Survant, Esq.

P.O. Box 26610

Macon, GA 31221

Name and Address of Party to Served

Blake Stephen Seymour

6803 Fortner St.

Dothan, AL 36304

*Also serving ROGs, RPDs, RFAs, & Notice
of Depo of Def. Seymour

Superior Court X
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, MACON

SHAGAVYA N. HARRIS, as Next of Kin of

WILLIAM HARRIS, Deceased

Plaintiff

VS.

BLAKE STEPHEN SEYMOUR, COCHENER

GARVEY CAPITAL PARTNERS (formerly C(

Defendant

INDUSTRIES, INC.) and DUNBARTON COF

Garnishee

4138
BJS
KAF
MB

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _Blake Seymour 7-26-22_ personally with a copy
☑ of the within action and summons. _Jhy E Dun 3880_

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ a corporation

☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _26_ day of _July_ 20 _22_

DEPUTY

_Jhy E Dun 3880_
_Deputy_





**STATE OF ALABAMA**
**COUNTY OF HOUSTON**

2207016660

## AFFIDAVIT

Before me, the undersigned authority, this day personally appeared

_Stanley E DeVane     Deputy_ of Houston County,
(Name of Officer)                        (Position of Officer)

State of Alabama, who being first duly sworn, deposes and says that

he/she is a ___Deputy___ of Houston County, State of Alabama;
(Position of Officer)

that as part of his/her official duties he/she is authorized to serve

process in the State of Alabama, County of Houston: that in his/her

official capacity he/she received a copy of the ___AFFIDAVIT___,

and at _10:00 Am_ on the _26_ day of ___July___, 2022
(Time)

was served to ___BLAKE SEYMOUR___ by personal service.

X _____                    ___Stanley E DeVane—3880___
                                                              AFFIANT

Notary Public, Alabama State at Large
Jonathan Michael Capshaw
Expires 4/7/2026

Sworn to and subscribed before
me, this _27_ day of
___July___, 2022

___Jonathan Michael Capshaw___
Notary Public

NOTARY PUBLIC
ALABAMA STATE AT LARGE
Jonathan Michael Capshaw
Expires 4/7/2026

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
JHB
AUG 19, 2022 03:38 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

## IN THE SUPERIOR COURT OF MACON COUNTY

### STATE OF GEORGIA

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

     Plaintiffs,

v.

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

     Defendants.

CIVIL ACTION
FILE NO: SUCV2022000110

---

### ANSWER OF DEFENDANT COCHENER GARVEY CAPITAL PARTNERS

Comes now Cochener Garvey Capital Partners Inc., improperly identified as Cochener Garvey Capital Partners, Defendant in the above-styled case, by and through Defendant's counsel, and files this Defendant's Answer to Plaintiff's Complaint:

### FIRST DEFENSE

The negligence of William Harris equaled or exceeded that of Defendant in causing the occurrence complained of, with the result that the Plaintiff is not entitled to recover in this case.

### SECOND DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was William Harris' own negligence, with the result that Plaintiff is not entitled to recover in this case.

### THIRD DEFENSE

Plaintiff's complaint is barred due to improper venue.

**FOURTH DEFENSE**

Plaintiff's complaint is barred due to this court lacking personal and subject matter jurisdiction over this Defendant and matter.

**FIFTH DEFENSE**

Defendant, through its undersigned attorney of record, answers the individually numbered paragraphs of the Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (1) of Plaintiff's Complaint.

2.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (2) of Plaintiff's Complaint.

3.

Defendant admits only it is a Kansas corporation authorized to transact business in the State of Kansas with a registered office at 1551 N. Waterfront Parkway Suite 100, Wichita, KS 67206 with Harvey Sorensen as the registered agent. Defendant denies all remaining allegations contained within paragraph (3) of Plaintiff's Complaint.

4.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (4) of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph (5) of Plaintiff's Complaint.

6.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (6) of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph (7) of Plaintiff's Complaint.

8.

With regards to the allegations contained in paragraph (8) of Plaintiff's Complaint, Defendant admits only that Defendant Blake Seymour was in the course and scope of his employment with Defendant Dunbarton at the time of the subject accident. Defendant denies all remaining allegations contained in paragraph (8) of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph (9) of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph (10) of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph (11) of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph (12) of Plaintiff's Complaint.

13.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (13) of Plaintiff's Complaint.

**<u>SIXTH DEFENSE</u>**

Any allegation, language or paragraph contained in Plaintiff's Complaint not here and before responded to is expressly denied.

WHEREFORE, the Defendant prays:

(a)     The Plaintiff's Complaint be dismissed;

(b)     That all costs be cast against the Plaintiff;

(c)     That Defendant has a trial by a jury of twelve; and

(d)     For such further relief as this Court deems just and appropriate.

This the ___19th__ day of _____August_____, 2022.


                                        Respectfully submitted,
                                        LAW OFFICES OF MCLAUGHLIN & REAM

                                        _____
                                        Matthew A. Woods
                                        Attorney for Defendant Cochener Garvey Capital
                                        Partners Inc.
                                        Georgia Bar No. 633180

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing matter with a copy of the attached pleading by statutory electronic service or by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to ensure delivery.

This the __19th___ day of _____August_____, 2022.

_____
Matthew A. Woods
Attorney for Defendant Cochener Garvey Capital
Partners

PERSONS SERVED:

Mr. W. Carl Reynolds Esq.
P.O. Box 26610
Macon, GA 31221

Bradley J. Survant Esq.
P.O. Box 26610
Macon, GA 31221

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
MACON COUNTY, GEORGIA

**SUCV2022000110**
**JHB**
AUG 17, 2022 05:45 PM

*Juanita M. Laidler*
Juanita M. Laidler, Clerk
Macon County, Georgia

IN THE SUPERIOR COURT OF MACON COUNTY

STATE OF GEORGIA

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

      Plaintiffs,

v.

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

      Defendants.

CIVIL ACTION
FILE NO: SUCV2022000110

## ANSWER OF DEFENDANT DUNBARTON CORPORATION

Comes now Dunbarton Corporation, Defendant in the above-styled case, by and through Defendant's counsel, and files this Defendant's Answer to Plaintiff's Complaint:

### FIRST DEFENSE

The negligence of William Harris equaled or exceeded that of Defendant in causing the occurrence complained of, with the result that the Plaintiff is not entitled to recover in this case.

### SECOND DEFENSE

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was William Harris' own negligence, with the result that Plaintiff is not entitled to recover in this case.

### THIRD DEFENSE

Plaintiff's complaint is barred due to improper venue.

**FOURTH DEFENSE**

Plaintiff's complaint is barred due to this court lacking personal and subject matter jurisdiction over this Defendant and matter.

**FIFTH DEFENSE**

Defendant, through its undersigned attorney of record, answers the individually numbered paragraphs of the Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (1) of Plaintiff's Complaint.

2.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (2) of Plaintiff's Complaint.

3.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (3) of Plaintiff's Complaint.

4.

Defendant admits only it is an Alabama corporation authorized to transact business in the State of Alabama with a registered office at 641 South Lawrence St, Montgomery, Alabama 36104. Defendant denies all remaining allegations contained within paragraph (4) of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph (5) of Plaintiff's Complaint.

6.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (6) of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph (7) of Plaintiff's Complaint.

8.

With regards to the allegations contained in paragraph (8) of Plaintiff's Complaint, Defendant admits only that Defendant Blake Seymour was in the course and scope of his employment at the time of the subject accident. Defendant denies all remaining allegations contained in paragraph (8) of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph (9) of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph (10) of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph (11) of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph (12) of Plaintiff's Complaint.

13.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (13) of Plaintiff's Complaint.

## SIXTH DEFENSE

Any allegation, language or paragraph contained in Plaintiff's Complaint not here and before responded to is expressly denied.

WHEREFORE, the Defendant prays:

     (a)    The Plaintiff's Complaint be dismissed;

     (b)    That all costs be cast against the Plaintiff;

     (c)    That Defendant has a trial by a jury of twelve; and

     (d)    For such further relief as this Court deems just and appropriate.

This the __17th___ day of _____August_____, 2022.

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & REAM

_____

Matthew A. Woods
Attorney for Defendant Dunbarton Corporation
Georgia Bar No. 633180

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing

matter with a copy of the attached pleading by depositing a copy of the same in the United States

Mail in a properly addressed envelope with adequate postage thereon to ensure delivery.

This the __17th____ day of _____August_____, 2022.


_____

Matthew A. Woods
Attorney for Defendant Dunbarton Corporation

PERSONS SERVED:

Mr. W. Carl Reynolds Esq.
P.O. Box 26610
Macon, GA 31221

Bradley J. Survant Esq.
P.O. Box 26610
Macon, GA 31221

IN THE SUPERIOR COURT OF MACON COUNTY

STATE OF GEORGIA

SHAGAVYA N. HARRIS, as Next of Kin
of WILLIAM HARRIS, Deceased,

     Plaintiffs,

v.

BLAKE STEPHEN SEYMOUR,
COCHENER GARVEY CAPITAL
PARTNERS (formerly CGF
INDUSTRIES, INC.), and DUNBARTON
CORPORATION,

     Defendants.

CIVIL ACTION
FILE NO: SUCV2022000110

## **ANSWER OF DEFENDANT BLAKE STEPHEN SEYMOUR**

Comes now Blake Stephen Seymour, Defendant in the above-styled case, by and through Defendant's counsel, and files this Defendant's Answer to Plaintiff's Complaint:

### **FIRST DEFENSE**

The negligence of Plaintiff equaled or exceeded that of Defendant in causing the occurrence complained of, with the result that the Plaintiff is not entitled to recover in this case.

### **SECOND DEFENSE**

The sole proximate cause of Plaintiff's alleged damages, if any were sustained, was Plaintiff's own negligence, with the result that Plaintiff is not entitled to recover in this case.

### **THIRD DEFENSE**

Plaintiff's complaint is barred due to improper venue.

## **FOURTH DEFENSE**

Plaintiff's complaint is barred due to this court lacking personal and subject matter jurisdiction over this Defendant and matter.

## **FIFTH DEFENSE**

Defendant, through its undersigned attorney of record, answers the individually numbered paragraphs of the Plaintiff's Complaint as follows:

1.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (1) of Plaintiff's Complaint.

2.

Defendant admits only he is a resident of Houston County Alabama. Defendant denies the reminder of the allegations contained in paragraph (2) of Plaintiff's Complaint.

3.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (3) of Plaintiff's Complaint.

4.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (4) of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph (5) of Plaintiff's Complaint.

6.

Defendant admits only he was traveling on Georgia 49 on July 28, 2020 and that Mr. Harris was in the roadway. Defendant denies the remainder of the allegations contained in paragraph (6) of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph (7) of Plaintiff's Complaint.

8.

With regards to the allegations contained in paragraph (8) of Plaintiff's Complaint, Defendant admits only that he was in the course and scope of his employment at the time of the subject accident. Defendant denies all remaining allegations contained in paragraph (8) of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph (9) of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph (10) of Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph (11) of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph (12) of Plaintiff's Complaint.

13.

Defendant is without sufficient information to form a belief as to the truthfulness of the allegations contained in paragraph (13) of Plaintiff's Complaint.

## **SIXTH DEFENSE**

Any allegation, language or paragraph contained in Plaintiff's Complaint not here and before responded to is expressly denied.

WHEREFORE, the Defendant prays:

(a)     The Plaintiff's Complaint be dismissed;

(b)     That all costs be cast against the Plaintiff;

(c)     That Defendant has a trial by a jury of twelve; and

(d)     For such further relief as this Court deems just and appropriate.

This the ___25TH___ day of _____August_____, 2022.

Respectfully submitted,

LAW OFFICES OF MCLAUGHLIN & REAM

_____
Matthew A. Woods
Attorney for Defendant Blake Stephen Seymour
Georgia Bar No. 633180

PO Box 7217
London, KY  40742
770-612-2710
mclaughlinelectronicmail@libertymutual.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for opposing parties in the foregoing

matter with a copy of the attached pleading by depositing a copy of the same in the United States

Mail in a properly addressed envelope with adequate postage thereon to ensure delivery.

This the __25th____ day of _____August_____, 2022.


_____

Matthew A. Woods
Attorney for Defendant Blake Stephen Seymour


PERSONS SERVED:

Mr. W. Carl Reynolds Esq.
P.O. Box 26610
Macon, GA 31221

Bradley J. Survant Esq.
P.O. Box 26610
Macon, GA 31221